UNITED STATES DISTRICT COURT
STATE OF MINNESOTA

| | |
|---|---|
| Donaldson V. Lawhead, Tammara D. Lawhead and Brandon V. Lawhead,<br><br>Plaintiffs,<br><br>vs.<br><br>The Law Offices of Joseph Martin Carasso and Joseph Martin Carasso, individually<br><br>Defendants. | Civil File No: _____<br><br><br><br>**COMPLAINT** |

## NATURE OF THE ACTION

This is an action brought by Donaldson V. Lawhead, Tammara D. Lawhead and Brandon V. Lawhead ("The Lawheads") against The Law Office of Joseph Martin Carasso and Joseph Martin Carasso ("Carasso"), who acted as an attorney for the Lawheads after the death of Michael Blair Lawhead ("Decedent"), son of Donaldson and Tammara, and brother to Brandon. Almost all of the transactions, and representations between Carasso and the Lawheads occurred, at least in part, in the State of Minnesota.

Carasso's advice was negligent, careless, reckless, and irresponsible, which culminated in the Lawheads being fined by the decedent's COOP, and sued, which caused significant damages.

1

Carasso failed to advise the Lawheads to tender their claims to insurance, when a claim was made, which caused further damages. Carasso breached his fiduciary duties to the Lawheads in failing to convey reasonable settlement offers for which the Lawheads had instructed Carasso to convey. Carasso acted carelessly, irresponsibly and tortiously, and such conduct occurred in Minnesota.

These claims are based on a contract executed in Minnesota, representations made in Minnesota, and tort based upon his actions in representation and other actions occurring in Minnesota. Attached hereto and incorporated herein by reference as Exhibit 1 is a true and correct copy of an Affidavit by Adam S. Katz.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 (federal question - violation of federal statute -15 USCA § 77q) & 1332 (there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00) This matter has pendent jurisdiction pursuant to Minnesota State common law.

2. The practices hereinafter alleged to be unlawful were being committed in the District of Minnesota. Additionally, Carasso has significant contacts with the State of Minnesota.

## PARTIES

3. Plaintiffs, Donaldson V. Lawhead, Tammara D. Lawhead, and Brandon V. Lawhead, (The Lawheads) at all times material herein were and are residents of Mower County and are citizens of the State of Minnesota. They were appointed Administrators to the Estate of Michael Blair Lawhead.

4. Defendants Joseph Martin Carasso and the Law Offices of Joseph Martin Carasso ("Carasso"), at all relevant times, has been and is a citizen of the State of New York, with his office

at 270 Madison Avenue, New York, New York 10016. Carasso has significant contacts with the State of Minnesota and attended law school at William Mitchell College of Law in St. Paul, Minnesota.

## GENERAL ALLEGATIONS

5. Michael Blair Lawhead ("Blair" "Decedent") passed away intestate on March 14, 2018 from a heart attack, while he was working in his salon, in his COOP apartment building, Chelsea Gardens. Blair had a Roommate, who had stayed at the New York Apartment and Hudson Home for approximately 7 years, but Blair was estranged from the Roommate and shortly before his death he was trying to evict the Roommate from the apartment.

6. Blair owned a COOP apartment in in New York City at Chelsea Gardens (2CE)("the Apartment"), and a COOP studio space in Chelsea Gardens for his salon (P1DE)("the salon"). Blair had $30,220.00 cash in his safe, and $13,565.00 in a cash box from his salon. The remainder of Blair's Estate was a house he owned in Hudson ("The Hudson Home"), an art collection, and a violin that Donaldson and Tammara purchased for Blair while he was in college in the 1980's.

7. Donaldson V. Lawhead and Brandon V. Lawhead are attorneys in a small law firm in Minnesota, and they do not practice in probate matters. The Lawheads were particularly vulnerable because on the date of death both Tammara and Donaldson were suffering from physical health problems, and Brandon Lawhead had suffered a traumatic brain injury as a result of a car accident, and was (and still is) under restrictions by the Mayo Clinic of no more than 4 hours work per day with 1 hour brain breaks.

8.  Within 2 hours after learning of Blair's death, on March 14, 2018, Brandon V. Lawhead contacted Carasso from Minnesota and sought legal advice, and an attorney-client relationship was formed and existed, thereafter.

9.  Brandon explained the nature of the situation to Carasso:

- Blair did not have a will;

- Blair had a great deal of valuable art and other property that was insured, but he was concerned about protecting the property;

- that the Roommate had lived with Blair for over 7 years in Blair's apartment in a COOP at Chelsea Gardens in New York city;

- that Blair had a house in Hudson, New York, and the Roommate had put his name on the elctric bill an dused the Hudson House address for his New York driver's license;

- that Blair had a significant amount of valuable art in the Hudson House;

- that the Roommate and Blair were not married, that they were estranged, and that Blair had a business space in Chelsea Gardens;

- that Blair's business dealt with a significant amount of cash and Blair stored a significant amount of that cash in a safe in the Chelsea Gardens apartment;

10.  Carasso's advice culminated in the Lawheads being sued:

- Carasso advised Brandon that he had an equal right to be in the New York Apartment, without being appointed Administrator, because Brandon "stood in the shoes" of the decedent. The Lawheads relied on this advice, and were sued in Federal Litigation for trespass;

- Carasso advised Brandon that the locks should be changed at the Hudson Home. The Lawheads relied on this advice, and were sued in Federal Litigation by the Roommate for unlawful ouster.

- Brandon told Carasso that Blair had a significant amount of cash of unknown quantity: Carasso advised that the Lawheads could (without first being appointed administrators) open the safe with a "safe-cracker", and deposit the cash into a bank account, pay funeral expenses out of that cash, all prior

4

        to their being appointed as administrators. This culminated in the Lawheads being sued for conversion in the Federal Lawsuit on grounds that they had not yet been appointed as Administrators.

- Carasso advised the Lawheads that they could take his violin and bows to Minnesota for Blair's funeral prior to being appointed administrators. This culminated in a claim for conversion in the Federal Lawsuit by the Roommate.

11. On April 5, 2018, The Roommate's attorney sent correspondence outlining his claims against the Lawheads and demanded a monetary settlement. ("Exhibit A" to the Affidavit of Adam S. Katz). However, Carasso did not, at any time, advise the Lawheads to tender to their malpractice and other insurance carriers. This caused the Lawheads damages because indemnification coverage prior to tendering was denied by their insurer.

12. Shortly after the Roommate made a demand for settlement, The Lawheads provided Carasso with authority to settle with The Roommate - initial offer of $30,000 and pre-suit mediation. Carasso failed to convey these settlement offers. Instead, Carasso inflamed the dispute by, *inter alia*, by hanging up on The Roommate' counsel in the midst of settlement negotiations. Carasso's actions further exacerbated the emotional and anger, which further entrenched the parties, caused further litigation activities, including a federal lawsuit in the Southern District of New York.

13. At all times material herein, Carasso had induced Plaintiffs to hire him and rely upon his advice by making representations that he was an expert in Estate Litigation, and that he had successfully handled many landlord-tenant cases in Surrogates Court in New York City. Carasso assured Plaintiffs that he had the necessary qualifications, skill, and experience to handle this matter competently and to obtain favorable results.

14. Carasso was not an expert in Estate Litigation or landlord-tenant cases, and he ignored or was not familiar with applicable law or procedure.

15. Carasso failed to provide the written notice for eviction, after expressly being asked to do so, which caused delay, expense and damages to Plaintiffs.

16. Carasso's attorney work product for Surrogates Court was procedurally improper, and his unfamiliarity with the rules of Court caused significant delay and damages to Plaintiffs.

17. Without reading the decedent's lease, Carasso recklessly engaged in discovery with the COOP board and management company, which culminated in the Lawheads being fined $5,000.00.

18. The Roommate's claims were paid, in part, by the Lawheads' insurer. The Lawheads have been damaged as a result of the damages paid, and thousands of dollars in attorneys' fees and costs.

19. Carasso's representation of the Lawheads was negligent and breached his duties as the Lawheads' attorneys to represent them with the degree of care and skill that was reasonable under the circumstances. But for Carasso's mishandling of the Lawheads' legal issues, the Lawheads would not have been damaged. The Lawheads suffered damages in excess of Seventy Five Thousand and no/100 ($75,000.00).

## STATEMENT OF CLAIMS

### I.
### LEGAL MALPRACTICE

20. Plaintiffs reallege and incorporate herein, paragraphs 1 through 19;

21. An attorney-client relationship existed between Carasso and the Lawheads, commencing on March 14, 2018.

22. Carasso had a duty to advise and represent the Lawheads with the degree of care and skill that was reasonable under the circumstances, considering the nature of the undertaking. Carasso's duties included, but were not limited to, the duty to properly understand and assess the issues involved in Lawheads' case; the duty to be familiar with the principles and rules of law applicable to the case; and to apply those principles and rules appropriately; the duty to assure that the Lawheads were acting in compliance with the decedent's COOP's lease agreement; the duty to assure that the Lawheads, in following Carasso's advice, were acting in compliance with law; the duty to assure that Lawheads' litigation rights were not prejudiced by the failure to utilize proper procedures; the duty to furnish the Lawheads with the information and counsel necessary for them to make informed decisions during the course of the litigation; and the duty to give proper notice to the Roommate for eviction proceedings. Carasso breached these duties.

23. By the conduct described above, Carasso was negligent and breached his duty to properly and competently represent the Lawheads in the underlying dispute.

24. As a direct and proximate cause the Lawheads suffered damages in excess of Seventy Five Thousand and no/100 ($75,000.00) Dollars.

25. But for Carasso's malpractice, the Lawheads would not have suffered the damages hereinbefore alleged, and they would have obtained more favorable results, avoided significant expenses, and received insurance coverage for other expenses tendered.

## II.
## BREACH OF FIDUCIARY DUTY

26. Plaintiffs reallege and incorporate herein, paragraphs 1 through 25.

27. As an attorney, Defendants Carasso owed a fiduciary duty to the Lawheads, Carasso's clients.

28. Defendants Carasso breached his fiduciary duties by the conduct above-described, including, *inter alia*, his failure to convey settlement offers to the Roommate, including a definite cash offer of $30,000.00 and an offer to go into early mediation.

29. Carasso entered into a written retainer agreement that expressly provided that attorney work would be billed at $400 per hour, but that paralegal work would be done at $100.00 per hour. Carasso billed all work at $400 per hour, and took the money held in his trust account. When confronted with this, Carasso first claimed that the Lawheads "knew" he had no paralegal staff (they didn't) and then Carasso claimed that he performed no paralegal work, even though the only attorney work performed was drafting a few petitions, and Carasso billed for courier work at $400 per hour.

30. Defendants Carasso breached his fiduciary duties by the conduct described above.

31. As a direct and proximate result of the Defendants' Carasso breach of fiduciary duty, Plaintiffs Lawhead have been damaged in a sum in excess of Seventy Five Thousand and no/100 ($75,000.00) Dollars.

## III.
## NEGLIGENT/INTENTIONAL REPRESENTATION

32. Plaintiffs reallege and incorporate herein, paragraphs 1 through 31.

33. Defendants Carasso, and each of them, made false representations of past and existing material facts susceptible of knowledge, including, *inter alia*, that Defendants were experts in landlord-tenant and surrogates court litigation, and that Defendant Carasso had the skill and knowledge requisite to provide competent representation. Defendant Carasso also promised that he would convey Plaintiffs' settlement offers to the Roommate, including an offer for early mediation, to ease the parties' conflict. Such false representations were made with knowledge of the falsity of the representation or were made as of the Defendants' own knowledge without knowing whether it was true or false, and the representations were made with the intention to induce Plaintiffs to act in reliance thereon in having Carasso represent them. The representations, in fact, caused Plaintiffs to act in reliance thereon; and Plaintiffs suffered pecuniary damage as a result of the reliance on Defendants' false representations.

34. At all times material herein, Defendants acted in the course of its business, profession or employment, in which it had a pecuniary interest, and it supplied false information, failing to reasonably obtain or communicate such information, for the guidance of the Plaintiffs in their business transactions, subjecting them to liability for pecuniary loss caused to the Plaintiffs by their justifiable reliance upon the information.

35. Defendants owed a duty, independent of its contractual obligations, to the Plaintiffs.

36. Defendants negligently or intentionally failed to accurately advise Plaintiffs, rendered inaccurate and false advice, and failed to in a reasonable represent them, as specifically promised by Defendants.

37. Based upon the representations of Defendants and their representations of expertise in the handling Estate Litigation and landlord-tenant problems, the Plaintiffs detrimentally relied on Defendants' promises, including Defendants' promise to convey their settlement offers.

38. Plaintiffs relied upon these representations of Defendants to their detriment.

39. Defendants breached their duties to Plaintiffs, and the Plaintiffs were damaged Plaintiffs were damaged as a result therefrom. Defendants' representations about his experience, knowledge and willingness to convey settlement offers were false or were asserted as true without knowing whether such facts were true or false.

40. Defendants' misleading representations concerned past and present facts which were material and susceptible of knowledge, and the Plaintiffs were justified in relying upon and were induced to act upon Defendants' representations.

41. The Plaintiffs suffered damages which are attributable to Defendants' negligent and/or false misrepresentations.

42. Plaintiffs are entitled to general and special damages against Defendants, plus expenses incurred and interest.

## IV

## BREACH OF CONTRACT

43. Plaintiffs reallege the allegations contained in paragraphs 1 through 42 and incorporate the same herein by reference.

44. Defendants and Plaintiffs had a contract for Carasso to provide ethical, competent representation as an attorney for the rates, as agreed upon in the parties contract, attached hereto and

incorporated herein as Exhibit 2. The Contract was executed and negotiated, in part, in the State of Minnesota.

45. A covenant of good faith and fair dealing was implied in the written contract and Carasso breached the contract as described above.

46. Defendants breached its contract, in addition to its covenant of good faith and fair dealing, with the Plaintiffs, which caused foreseeable damages, including, without limitation, collateral losses in excess of $75,000.00, together with consequential and incidental damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests that this Court:

1. Award damages to Plaintiffs in a sum in excess of Seventy Five Thousand and no/100 ($75,000.00) Dollars.

2. Ordering Defendants to disgorge and return all or part of the attorney's fees paid to Carasso for legal services that were exessive, unnecessary or otherwise rendered in breach of their fiduciary duties;

3. Awarding Plaintiffs' costs, disbursements, and other costs; and,

4. Grant Plaintiffs such other and further relief as the Court may deem just and equitable.

Dated:  February 12, 2020                Respectfully submitted,

**LAWHEAD LAW OFFICES**

 s/Brandon V. Lawhead
Brandon V. Lawhead - #0269049
506 W. Oakland Ave
Austin, MN 55912
Telephone:  (507) 437-8993
Fax: (507) 433-9745
lawheadlaw@smig.net
Attorney for Plaintiffs